IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

LEMELSON MEDICAL, EDUCATION & )
RESEARCH FOUNDATION, LIMITED )
PARTNERSHIP, )
 )
                    Plaintiff, )
 )
    vs. )
 )
INTEL CORPORATION, )
 )
                    Defendant. )
_____)
 )
LEMELSON MEDICAL, EDUCATION & )
RESEARCH FOUNDATION, LIMITED )
PARTNERSHIP, )
 )
                    Plaintiff, )
 )
    vs. )   **CV 98-1413 PHX (HRH)**
 )
ACER INCORPORATED, et al., )   [Consolidated with
 )    CV 99-0377 PHX (HRH)]
                    Defendants. )
_____)

ORDER OF DISMISSAL

- 1 -

Plaintiff moves to dismiss certain of its consolidated claims.[1] The motion is unopposed. Various of the defendants have responded and seek Rule 54(b) determinations.

The Federal Circuit has determined that all claims of certain patents-in-suit are unenforceable in <u>Symbol Technologies, Inc. v. Lemelson Medical, Education & Research Foundation, Limited Partnership</u>, United States Court of Appeals for the Federal Circuit, No. 04-1451. Plaintiff therefore seeks to dismiss all claims based thereon, and good cause appearing therefor,

IT IS ORDERED that all consolidated claims and counterclaims based on the following patents are dismissed with prejudice as to all defendants pursuant to Federal Rule of Civil Procedure 41(a)(2):  United States Patents No. 4,338,626, 4,511,918, 4,969,038, 4,979,029, 4,984,073, 5,023,714, 5,067,012, 5,119,190, 5,119,205, 5,128,753, 5,144,421, 5,249,045, 5,283,641, and 5,351,078.

---

[1] Clerk's Docket No. 542 in No. 99cv0377-PHX. By order of June 5, 2000, Clerk's Docket No. 426 in No. 98cv1413-PHX, the court provided that "any and all filings made in these consolidated cases shall ... be tendered to the clerk for filing in the older of the two cases: <u>Lemelson Foundation v. Intel Corporation</u>, CIV 98-01413 PHX (HRH)." Nevertheless, and perhaps because of the conversion to a new case management and electronic filing system, two somewhat independent dockets have been maintained by the clerk as to these two cases. The instant motion to dismiss was docketed in No. 99cv0377-PHX, and not in the lead case, although it is now clear to the court as a consequence of the plaintiff's response to a case status order, Clerk's Docket No. 1680, that the instant motion has application to the entire consolidated case. What follows in the text of this order reflects the foregoing treatment of plaintiff's motion to dismiss.

IT IS FURTHER ORDERED that, there being no just reason for delay, the clerk of court shall forthwith enter final judgment pursuant to Rule 54(b), Federal Rules of Civil Procedure, dismissing plaintiff's consolidated action in its entirety (all claims and counterclaims) as to defendants RadioShack Corporation and Cabletron Systems, Inc.[2]

IT IS FURTHER ORDERED that this consolidated action remains pending as to plaintiff's claims against the Cypress Group,[3] Maxim Integrated Products, Inc., and Intel Corporation,[4] and their counterclaims, if any, with respect to four semiconductor-related patents:  United States Patents No. 4,390,586, 5,039,836, 5,170,032, and 5,231,259.

IT IS FURTHER ORDERED that any motion for attorney fees or costs by terminated defendants be made in accordance with Local Rule 54.2.  Counsel will please familiarize themselves with that

---

[2] Cabletron Systems, Inc., is now known as "Enterasys". Clerk's Docket No. 543 in No. 99cv0377-PHX.

[3] Cypress Semiconductor Corp., LSI Logic Corp., Linear Technology Corp., and Micrel, Inc.  Plaintiff's claims against Cypress Semiconductor Corp. includes a claim originally asserted by plaintiff against IC Works, Inc., which firm has been merged into Cypress Semiconductor Corp.  As a consequence of the merger, plaintiff's claim against IC Works, Inc., has been asserted against Cypress Semiconductor Corp. in plaintiff's amended complaint in No. 99cv0377-PHX, and that claim remains pending as to the four semiconductor-related patents.

[4] As reflected by the plaintiff's response to a case status order, Clerk's Docket No. 1680, and as a consequence of earlier orders, the filing of an amended complaint by plaintiff as regards claims initially asserted in No. 99cv0377-PHX, and the entry of this order, plaintiff's consolidated action has been terminated as to all defendants and all claims except as noted in this text paragraph.

rule and follow the special motion procedures set forth for motions for attorney fees.

This order disposes of all pending motions.

DATED at Anchorage, Alaska, this <u>24th</u> day of February, 2006.

<u>/s/ H. Russel Holland</u><br>United States District Judge